IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MICHAEL MULLINS,                )
                                )
            Plaintiff,           )
                                )
vs.                             )     Case No. 10-1089-SAC
                                )
JO ANNE B. BARNHART,            )
Commissioner of Social          )
Security,                       )
                                )
            Defendant.           )
_____)


REPORT AND RECOMMENDATION


     On March 26, 2010, plaintiff filed an application for leave to file action without payment of fees, costs or security (Doc. 4). 28 U.S.C. § 1915(a)(1), states as follows:

> ...any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding...without prepayment of fees or security therefor, by a person who submits an affidavit...that the person is unable to pay such fees or give security therefor.

     The filing fee in civil cases is presently $350.00. 28 U.S.C. § 1914(a). It is this fee for which plaintiff seeks a waiver.

     Section 1915(a)(1) gives a district court discretion to grant permission for a movant to proceed *in forma pauperis* (IFP).

1

While a trial court has wide discretion in denying an application to proceed IFP, in denying such applications a court may not act arbitrarily. Nor may it deny the application on erroneous grounds. United States v. Garcia, 164 Fed. Appx. 785, 786 n.1 (10th Cir. Jan. 26, 2006). To succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees. Id; Lister v. Dept. of the Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005).

In the case of Brewer v. City of Overland Park Police Dept., 24 Fed. Appx. 977, 979 (10th Cir. Jan. 4, 2002), Mr. Brewer's income exceeded his expenses by "a few hundred dollars." The court found that Mr. Brewer had sufficient income to pay the filing fee at the time he sought to file the appeal, and the court therefore denied permission for Mr. Brewer to proceed IFP. In the case of Thompson v. Barnhart, Case No. 08-1024 (D. Kan. Feb. 5, 2008), the court denied plaintiff's IFP motion when the affidavit indicated that plaintiff's income exceeded expenses by slightly more than $500 (Case No. 08-1024, Doc. 5).

In the case presently before the court, plaintiff's affidavit indicates that the monthly income for plaintiff and his spouse exceed their monthly expenses by approximately $300. The affidavit also indicates that plaintiff has a sizeable amount of cash from the sale of a home, although the affidavit further indicates that plaintiff and his wife are waiting to reinvest the

money from the sale in another home.  Even without considering the money from the sale of the home, plaintiff has in checking and/or savings accounts nearly $700 (Doc. 4 at 4).  Finally, the affidavit notes that plaintiff and his spouse have a sizeable amount of money in IRAs, although it is not clear from the affidavit what access plaintiff has to the IRAs, or if he would have to pay any penalty to take money from the IRAs.  Based on the information provided by the plaintiff in his affidavit, the court finds that plaintiff has the financial means to pay the filing fee.

IT IS THEREFORE RECOMMENDED that plaintiff's motion to waive the filing fee be denied.[1]

Copies of this recommendation and report shall be provided to counsel.  Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, plaintiff may serve and file written objections to the recommendation within 14 days after being served with a copy.

Dated at Wichita, Kansas, on March 30, 2010.

s/Gerald B. Cohn
GERALD B. COHN
United States Magistrate Judge

---

[1]Magistrate judges have no authority to enter an order denying IFP status.  Because this is a dispositive matter, under Fed.R.Civ.P. 72(b), a magistrate judge can only issue a report and recommendation for a decision by the district court.  Lister v. Dep't of the Treasury, 408 F.3d at 1312.